Fish, J.
Edwin J. McClosky held an account in his favor against the defendant Blanchard for the nominal sum of $73.17, which had accrued in the years 1875 and 1876, an alleged claim for hay sold to defendant. For some reason, which does not appear very clearly in the papers, he did not want to take law proceedings to enforce collection. He did not regard the account of any value, either because it had no just foundation in fact, or because there was some defense to it and declined to sue it in his own name.
One Charles B. Hutchens, a lawyer, who had been doing some business for him, advised him to sue defendant; but Hutchens, also, preferred to dodge the responsibility of appearing on record as the plaintiff and assignee of the demand; so he in turn applied to the plaintiff, who was his landlady, a person of no pecuniary responsibility, and a person having little or no knowledge of law proceedings, and got her consent to allow the use of her name as a nominal assignee to prosecute the claim against Blanchard.
This was about the month of December, 1881, when the demand was about six years old.
Thereupon McClosky at the suggestion of Hutchens executed an assignment of the demand to the plaintiff and put it in possession of Hutchens, to be prosecuted.
It was prosecuted in the name of plaintiff, who failed to recover, and defendant had judgment against plaintiff for costs to about $109.
The defendant cannot collect his costs of plaintiff, because. she has no property, and the special term held that Mr. j McClosky ought to pay it.
• The facts in relation to the transaction are somewhat obscurely related, but enough appears to render it probable that McClosky and Hutchens, his lawyer, invented the *385 plan of operations which followed, to experiment with the claim for their own benefit, so that if it resulted in a recovery and a collection against defendant, they would reap the fruits, and if it terminated in a failure, nobody would be hurt.
The plaintiff being entirely irresponsible, a judgment for costs against her would be uncollectable, and McClosky and Hutchens had nothing to fear.
The transaction was probably the invention of Hutchens, who ought to pay the costs; but McClosky lent himself in aid of the scheme, executed an assignment of the demand, which he knew was desperate, to a person who he knew was only a nominal party, with the intention of having it prosecuted in that name.
The plaintiff evidently had no interest in the demand, did not expect anything from it, and, in fact scarcely knew what the use of her name imported.
Under such circumstances, McClosky must be held the real party in interest, and liable for the costs of defendant.
The order of special term should be affirmed, with ten dollars costs and disbursements.
Landon, J. concurs.